[Doc. No. 31]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| CANON BUSINESS SOLUTIONS-EAST, <br><br> Plaintiff, <br><br> v. <br><br> EMENETE, INC., <br><br> Defendant. | Civil No. 05-2031 (RMB) |

**REPORT AND RECOMMENDATION**

This matter is before the Court on plaintiff's Motion to Strike Answer and Dismiss Defendant's Counterclaim for Failure to Comply with Discovery [Doc. No. 31]. Defendant filed its response to the motion in the nature of a Declaration of Counsel [Doc. No. 32] and the Court heard oral argument on January 19, 2007. This Report and Recommendation is issued pursuant to 28 U.S.C. §636(b)(1)(B). For the reasons to be discussed, it is respectfully recommended that plaintiff's Motion be granted and that an Order be entered striking defendant's answer and dismissing its counterclaim, and entering a default against defendant. The Court makes the following findings in support of this Recommendation.

Background

Plaintiff initiated this action by filing its Complaint in the Superior Court of New Jersey, Law Division, Burlington County, Docket No. L-591-05, on February 25, 2005. Defendant filed its Notice of Removal on April 13, 2005 [Doc. No. 1]. Plaintiff's Complaint alleges that on May 21, 2002 it entered into a Business

Services Agreement with defendant "to provide certain goods and services, including but not limited to, reproduction of materials, finishing binding services, maintaining job logs and coordinating the service of equipment, etc." See Complaint at ¶1.  Plaintiff alleges defendant defaulted on its payments and that defendant owes the sum of $856,348.54.  Defendant responded to the Complaint on May 23, 2005 by filing a Motion to Dismiss for Lack of Jurisdiction {Doc. No. 7] which was denied on July 5, 2005 [Doc. No. 13]. Defendant filed its answer to plaintiff's Complaint on July 14, 2005 which included a detailed counterclaim alleging breach of contract, breach of the implied covenant of good faith and fair dealing and tortious interference with contractual relations [Doc. No. 15].  Subsequent to this filing defense counsel moved to withdraw as the attorney for the defendant on the ground that he was not receiving cooperation from the client [Doc. No. 23].  The Honorable Joel B. Rosen, U.S.M.J., denied the Motion to Withdraw on April 6, 2006 [Doc. No. 25].

   Plaintiff served defendant with discovery on October 19, 2005, and despite plaintiff's good faith efforts to obtain the discovery without intervention of the Court, on May 12, 2006 it filed a Motion to Dismiss for Failure to Comply with Discovery [Doc. No. 26].  On June 26, 2006, Judge Rosen denied plaintiff's Motion but Ordered defendant to respond to the outstanding discovery by August 16, 2006. [Doc. No. 29].  Despite plaintiff's continued good faith efforts, defendant did not produce the requested discovery which

2

led to the filing of the instant motion on September 20, 2006 [Doc. No. 31].  Defendant's response to the instant motion alleges that defense counsel sent all Orders entered by the Court to the defendant with a reminder of defendant's obligations to respond to the discovery.  Despite defense counsel's efforts, he "received no communications whatsoever from [defendant] ... in response".  See Declaration of Counsel at ¶6 [Doc. No. 32].  Defense counsel also advised his client "of their obligations to the plaintiff and to the Court, and the consequences of their failure to comply with those obligations." Id. at ¶3.   During oral argument on this motion defense counsel reiterated that he has used his best efforts to contact defendant via phone, letter and e-mail but his client has ignored all communications.

Discussion

   Pursuant to Fed. R. Civ. P. 37(b)(2)(C), if a party fails to obey a discovery order a Court is authorized to enter an Order "striking out pleadings or parts thereof or ... dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party."  See also Hoxworth v. Blinder Robinson & Co., Inc., 980 F.2d 912, 918-19 (3d Cir. 1992) (a court may impose a default as a permissible sanction for violating a discovery order); Fed. R. Civ. P. 16(f) (providing for sanctions if a party fails to obey a scheduling or pretrial order). In Poulis v. State Farm & Casualty Co., 747 F.2d 863, 868 (3d Cir. 1984), the court identified six (6) factors to evaluate when

deciding whether the sanction of dismissal is appropriate. The <u>Poulis</u> factors are: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary; (3) whether there has been a history of dilatoriness; (4) whether the conduct of the party or attorney was willful or in bad faith; (5) the effectiveness of alternative sanctions; and (6) the meritoriousness of the claim or defense.  <u>Id</u> at 868.  The decision whether to dismiss is left to the court's discretion.  <u>Ware v. Rodale Press, Inc.</u>, 322 F.3d 218, 221 (3d Cir. 2003).  No particular <u>Poulis</u> factor is controlling and dismissal can be granted even when some of the factors are not met.  <u>Id</u>. at 221; <u>Hicks v. Feeney</u>, 850 F.2d 152, 156 (3d Cir. 1988).

As to the first factor in <u>Poulis</u>, it is plain that the responsibility for the failure to produce discovery and the failure to comply with the Court's Orders rests with the defendant and not his counsel.  Although defense counsel's request to withdraw from the case was denied, he continued to appropriately communicate with the defendant regarding the status of the case and plaintiff's discovery demands.  Nevertheless, despite defense counsel's best efforts all of his communications were ignored.  As to the second <u>Poulis</u> factor, there is no question that plaintiff is prejudiced by defendant's failure to produce discovery.  Plaintiff has been deprived of the information it needs to support its claims and to determine the basis of the pleaded defenses.  Plaintiff is also prejudiced because it has been forced to file several motions and

4

expend significant time and resources to obtain relevant discovery. See, e.g., Hoxworth, 980 F.2d at 920-21.  Third, there is a history of dilatoriness on the part of defendant.  Defendant has ignored all good faith efforts to obtain the requested discovery and has ignored Judge Rosen's Scheduling Order and June 26, 2006 Order compelling discovery.  Moreover, this is the second Motion for Sanctions plaintiff filed in the case.  As to the fourth Poulis factor, defendant's actions have clearly been "willful".  This is not a case where the failure to produce discovery resulted from neglect, inadvertence or mistake.  Defendant is unquestionably aware of the Court's Orders and its actions have left no doubt that it has made a conscious and deliberate decision not to communicate with its counsel.  Regarding the fifth Poulis factor, this Court does not believe there is an available alternative sanction to obtain the requested discovery.  It is plain that the defendant has no intention of complying with the Court's discovery Orders and to cooperate with his attorney of record.  The last Poulis factor to consider is whether plaintiff's claim is meritorious.  In considering whether a claim or defense is meritorious a summary judgment standard is not used.  Poulis, 747 F.2d at 869-70.  Instead, a "claim or defense will be deemed meritorious when the allegations of the pleadings, if established at trial, would support recovery by plaintiff...."  Id.  The Court has reviewed plaintiff's Complaint and has determined it is meritorious.

This Court recognizes that the striking of an answer and the entry of a default is reserved for the most extreme cases.  Id. at

867-68. Nonetheless, based on the foregoing, this Court believes this drastic relief is appropriate. Defendant has willfully refused to cooperate in discovery and its conduct has manifested its unequivocal intention not to produce discovery or to comply with the Court's Orders. This being the case, there is no alternative lesser sanction available to plaintiff than to strike defendant's answer, dismiss the counterclaim and enter a default.

For the foregoing reasons, it is this 29th day of January, 2007, respectfully recommended that plaintiff's Motion to Strike Defendant's Answer and to Dismiss its Counterclaim be GRANTED, and that a default be entered against defendant.[1]  If the District Judge adopts this report, it is further recommended that plaintiff be Ordered to promptly move for the entry of a default judgment. Pursuant to Fed. R. Civ. P. 72 and L. Civ. R. 72.1(a)(2), the parties shall have ten (10) days from the date of this Order in which to file any objections with the court.

                                            s/ Joel Schneider
                                            JOEL SCHNEIDER
                                            United States Magistrate Judge

Dated: January 29, 2007

---

[1] Although plaintiff did not specifically request the entry of a default in his moving papers, the issue was raised during oral argument. Since the entry of a default is warranted under the circumstances presented herein, the Court does not believe it is appropriate to require plaintiff to file separate default papers to obtain this relief.